UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A. KHOO, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:20-cv-01047-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION<br><br>[ECF Nos. 3, 9] |

　　　　Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on July 29, 2020.  On this same date, Plaintiff filed a motion for a preliminary injunction.  (ECF No. 3.)  On August 3, 2020, Plaintiff filed a second motion for a preliminary injunction which is a verbatim copy of the initial motion.  (See ECF Nos. 3, 9.)

## I.

## DISCUSSION

　　　　The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of

1

1  Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or
2  temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely
3  to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
4  favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council,
5  Inc., 555 U.S. 7, 20 (2008).

6      "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
7  granted unless the movant, *by a clear showing*, carries the burden of persuasion."  Mazurek v.
8  Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party
9  seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion
10 is unsupported by evidence.

11     Federal courts are courts of limited jurisdiction and in considering a request for preliminary
12 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an
13 actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge
14 Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If
15 the Court does not have an actual case or controversy before it, it has no power to hear the matter in
16 question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the
17 Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
18 extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
19 means necessary to correct the violation of the Federal right."

20     Plaintiff seeks a preliminary injunction to allow her to immediately receive "adequate pain
21 management with Gabapentin and Tramadol to permit her to function in her daily activities of living
22 (ADL) such as sleep, daily self-help studies, college work, walking and weight bearing without as much
23 pain as she experiences now."  (ECF Nos. 3 & 9 at 1.)

24     As an initial matter, the Court is required to screen complaints brought by prisoners seeking
25 relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §
26 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or
27 malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief
28 from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

1915(e)(2)(B)(ii).  The Court has not yet screened Plaintiff's complaint and determined whether there are any cognizable claims in this action. The mere pendency of this action does not provide a basis for the Court to issue an order for the injunctive relief that Plaintiff seeks.  No Defendant has yet been served.

In addition, Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  Plaintiff argues that she has shown a high likelihood of success on the merits of his claim that Defendants' conduct constitutes deliberate indifference. Because the Court has not yet screened Plaintiff's complaint, the Court cannot make a determination of whether Plaintiff is likely to proceed on the merits. Furthermore, no Defendant has yet appeared in this action, and the Court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff further claims she is threatened with irreparable harm, in that her continued pain has disrupted her sleep and daily activities.  That Plaintiff disagrees with the course of treatment she received, or still suffers pain in spite of that treatment, is not enough to support Court's intervention into the prison medical staff's course of treatment. See Jackson v. MacIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (a mere disagreement over treatment plans is insufficient to invoke section 1983); see also Sandin v. Conner, 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons)). Suffice it to say, Plaintiff "has not sufficiently demonstrated that he is currently receiving a level of care that would violate constitutional standards such that he is entitled to preliminary injunctive relief." McSorley v. N. Nevada Corr. Ctr., 225 Fed.Appx. 448, 449 (9th Cir. 2007). In any case, Plaintiff, a layman, is not qualified to diagnose herself, dictate the appropriate treatment plan, or predict her long-term prognosis.

Plaintiff next argues the balance of hardships tips in favor, as she suffers pain and, the only suffering Defendants will experience if his motion is granted will consist of having a doctor provide adequate medical care for that pain. Plaintiff's assessment is incorrect. While the prospect of

continued suffering tips the balance toward Plaintiff, her relief, if requested, would require the Court to override medical decision-making away from those most qualified to dispense it.  Plaintiff essentially asks the Court to substitute its untrained judgment for that of medical personnel trained to treat her non-life threatening ailments.  The balance of hardships does not tip far enough in Plaintiff's favor to demand the Court intervene.

Finally, Plaintiff argues the relief sought will serve the public interest because it is always in the public interest for prison officials to obey the law. That assumes the Defendants are disregarding law. There is no basis for such an assumption here.

Based on the foregoing, Plaintiff's motion for a preliminary injunction should be denied.

## II.

## RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that a Fresno District Judge be randomly assigned to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a court order to provide immediate pain management with Gabapentin and Tramadol (ECF Nos. 3, 9, be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 6, 2020**

UNITED STATES MAGISTRATE JUDGE