UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>        Plaintiff,<br><br>    v.<br><br>A. KHOO, et al.,<br><br>        Defendants. | No.  1:20-cv-01047-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. No. 28) |

Plaintiff Dana Gray is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 5, 2021, the assigned magistrate judge screened plaintiff's second amended complaint and issued the pending findings and recommendations, recommending that the following claims be permitted to proceed:  those claims brought against defendants Mitchell, Singh, Showalter, and Song for denial of plaintiff's revision surgery in violation of the Eighth Amendment; those claims brought against defendant Mitchell for directing that plaintiff's Gabapentin be terminated in violation of the Eighth Amendment; and a medical malpractice claim brought against defendants Mitchell, Singh, Showalter, and Song for denial of plaintiff's revision surgery; and recommending that all other claims and defendants be dismissed due to plaintiff's failure to state a claim.  (Doc. No. 28 at 22–23.)  The findings and recommendations were served

on plaintiff and contained notice that any objections thereto were to be filed within thirty days. (*Id.* at 23.) On January 15, 2021, plaintiff timely filed a letter of clarification in response to the findings and recommendations. (Doc. No. 29.) Therein, plaintiff stated that she has no objections to the findings and recommendations but sets forth fourteen corrections to her second amended complaint.[1] (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court will adopt the findings and recommendations in part, finding them to be supported by the record and by proper analysis for all the claims found cognizable. For the reasons provided below, however, the court declines to adopt the recommendation that plaintiff's claim for deliberate indifference to her serious medical needs with respect to the defendant's denying her of opioid pain medication that was allegedly medically appropriate be dismissed.

Plaintiff asserts claims against defendants Mitchell and Showalter for denial of pain medication in violation of the Eighth Amendment.[2] (Doc. No. 24 at 19.) Plaintiff alleges between January and December 2019, she required opioid medication for "breakthrough pain" but on December 27, 2019 was denied opioids by defendant Mitchell and was not given any reason for that decision. (*Id.* at 10.) Plaintiff alleges that defendant Showalter was involved in the pain

/////

/////

---

[1] Plaintiff was previously advised that Rule 220 of the Local Rules of the Eastern District of California provides that "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." (*See, e.g.*, Doc. No. 15 at 22.) Plaintiff cannot and does not amend her complaint by submitting her corrections in a letter in response to the findings and recommendations.

[2] In the second amended complaint, plaintiff asserts that defendants Khoo, Mitchell, and Showalter were deliberately indifferent to her serious medical needs by denying her Gabapentin, and that defendants Mitchell and Showalter were also deliberately indifferent by denying her what she characterized as "effective" medication for her breakthrough pain episodes. (Doc. No. 24 at 19.) The pending findings and recommendations recommended that this claim proceed as it relates to the denial of Gabapentin for plaintiff's condition, but not as to opioid pain medication for the "breakthrough pain." (Doc. No. 28 at 22–23.)

committee decision to deny her requests to be continued on the medication.[3] (*Id.* at 10–11.) Plaintiff alleges that she was instead prescribed Toradal, which was medically contraindicated due to other medications that she was taking at the time, and defendants were aware that she continued to suffer from untreated pain. (*Id.* at 19.) At the pleading stage, the undersigned concludes that these allegations are sufficient to state a claim for deliberate indifference to plaintiff's serious medical needs.

Accordingly,

1. The findings and recommendations, filed January 15, 2021, is adopted in part;

2. This action shall proceed on the second amended complaint, filed December 21, 2020, on plaintiff's claims against defendants R. Mitchell, I. Singh, B. Showalter, and G. Song for denial of plaintiff's revision surgery; a claim against defendant Mitchell for directing that her Gabapentin be terminated in violation of the Eighth Amendment; claims against defendants Mitchell and Showalter for denial of pain medication in violation of the Eighth Amendment; and medical malpractice claims against defendants Mitchell, Singh, Showalter, and Song for denial of her revision surgery;

---

[3] As the pending findings and recommendations note, plaintiff alleged in her first amended complaint that defendant Showalter was deliberately indifferent "by telling the pain committee that she had fallen and that she used recreational drugs in prison to have them deny her request for opioid pain medication . . . ." (Doc. No. 28 at 19.) "Suspicions of malingering may also be considered an indication of an ulterior motive whereby a defendant failed to take a plaintiff's condition seriously and thus acted recklessly in failing to provide proper care." *George v. Sonoma Cty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 937–38 (N.D. Cal. 2010) (citing *Thomas v. Arevalo*, No. 95 CIV. 4704(SS), 1998 WL 427623, at *9 (S.D.N.Y. July 28, 1998) ("There is evidence sufficient to support an inference that the State Defendants and defendant Kalnins considered plaintiff a possible malingerer. A reasonable jury could infer that defendants had a motive for failing to take plaintiff's complaints seriously based on this characterization.") (internal citations omitted)); *see also Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) ("The fact that Nurse Dunbar and Dr. Benjamin may have based their refusal to treat Walker's pain on a good-faith belief that he was malingering, that he was not in pain but was merely trying to get high with the narcotic painkiller, is an issue for the jury."))

4. All other claims are dismissed from this action for failure to state a claim; and

5. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **February 12, 2021**

_____
UNITED STATES DISTRICT JUDGE