# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>           Plaintiff,<br><br>     v.<br><br>A. KHOO, et al.,<br><br>           Defendants. | Case No. 1:20-cv-01047-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 58) |

Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for appointment of counsel, filed December 20, 2021. (ECF No. 58.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff seeks appointment of counsel on the basis that she is a layperson in the law, and that she requires counsel in order for Defendants to take Plaintiff seriously in settlement negotiations. (ECF No. 58.) However, the Court does not find the required exceptional circumstances present in this case. Even if Plaintiff is not well versed in the law and it is assumed she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to her *pro se* status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not. At this early stage of the proceedings, the Court cannot determine whether Plaintiff is likely to proceed on the merits of her claim. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims. Indeed, the record reflects that Plaintiff was able to engage in "productive discussions" with Defendants and the Court during settlement conference-related proceedings, despite her *pro se* appearance. (See, e.g., ECF No. 47.) Moreover, to the extent Plaintiff seeks appointment of counsel solely for purposes of settlement negotiations, the Court finds the request is moot at this time, as the previously scheduled settlement conference has been vacated. (See ECF No. 53.) Accordingly, Plaintiff's motion for the appointment of counsel shall be denied at this time, without prejudice.

///

1   Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for
2   appointment of counsel (ECF No. 58) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 21, 2021**                    _____
                                                   UNITED STATES MAGISTRATE JUDGE