UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>  Plaintiff,<br><br>  v.<br><br>A. KHOO, et al.,<br><br>  Defendants. | Case No.: 1:20-cv-01047-DAD-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION<br><br>(ECF No. 66) |

Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for clarification, filed March 3, 2022. This action is proceeding against Defendants R. Mitchell, I. Singh, and G. Song for denial of Plaintiff's revision surgery; against Defendant Mitchell for directing that her Gabapentin be terminated in violation of the Eighth Amendment; against Defendant Mitchell for denial of pain medication in violation of the Eighth Amendment; and against Defendants Mitchell, Singh, and Song for medical malpractice for denial of her revision surgery. (ECF No. 30.)

In the present motion, Plaintiff asks the Court to clarify whether Defendants Mitchell and Song are being sued in their official capacities because she has been told that Defendant Mitchell left Central California Women's Facility. (ECF No. 66.)

1

When a plaintiff sues a state actor in her official capacity, the suit "represent[s] … another way of pleading an action against an entity of which [the] officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal quotation marks and citation omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991). "The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003) (citation omitted). The doctrine of Ex parte Young, 209 U.S. 123 (1908), however, provides an exception to this general bar. Under the doctrine, "suits against an official for prospective relief are generally cognizable." Porter, 319 F.3d at 483; see also Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002) (to decide whether "Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only" find "whether [the] complaint alleges an ongoing violation of federal law and seeks … prospective" relief) (internal quotation marks and citations omitted). Furthermore, "[w]hen sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007).

To the extent Plaintiff is seeking prospective, injunctive relief in this action, any official-capacity claims are not barred by the Eleventh Amendment, and Defendants in their official capacities are "persons" for purposes of section 1983.  However, to impose official-capacity liability against a state official, a plaintiff must allege that the government "entity's 'policy or custom' … played a part in the violation of federal law." Hafer, 502 U.S. at 25 (internal quotation marks and citations omitted).

In the operative complaint, Plaintiff alleges that the decision to deny her revision surgery were made or considered on appeal by Defendants Mitchell, Song, Singh and Showalter.  Plaintiff had two consultations with neurosurgeons who recommended that Plaintiff should receive a revision surgery due to the hardware failure and Plaintiff's symptoms.  Plaintiff also alleges Defendant Mitchell discontinued Gabapentin with no systemic replacement and only topicals to address the pain from her broken hardware and increasing neuropathy.  Plaintiff contends that Defendant Mitchell made no effort to find a suitable replacement for her pain management and that she was told that Defendant Mitchell had denied all pain management.  Plaintiff contends that Defendant Mitchell made the decision that her long term Gabapentin be discontinued and he was involved in the pain committee

that denied her requests to be continued on the medication.  Plaintiff further alleges between January and December 2019, she required opioid medication for "breakthrough pain" but on December 27, 2019 was denied opioids by Defendant Mitchell and was not given any reason for that decision. Plaintiff claims Defendant Mitchell was deliberately indifferent by denying her what she characterized as "effective" medication for her breakthrough pain episodes.  Thus, it is clear that Plaintiff challenges the individual medical determinations of Defendants.  She does not challenge a state law or regulation, or a CDCR a policy or procedure.  Accordingly, Plaintiff is not and cannot proceed on her Eighth Amendment claims against Defendants in their official capacities, and this action therefore proceeds against Defendants in their individual capacities.

IT IS SO ORDERED.

Dated:   **March 4, 2022**

UNITED STATES MAGISTRATE JUDGE