UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>                  Plaintiff,<br><br>      v.<br><br>A. KHOO, et al.,<br><br>                  Defendants. | Case No.: 1:20-cv-01047-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY DEPOSITION AND MOTION FOR PROTECTIVE ORDER<br><br>(ECF Nos. 65, 67) |

Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to stay her deposition and motion for a protective order, filed separately on March 3, 2022.

Defendants have not yet had an opportunity to respond to Plaintiff's filing, but the Court finds a response unnecessary. Therefore, Plaintiff's motions are deemed submitted. Local Rule 230(l).

**I.**

**DISCUSSION**

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

1

1    Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or
2 limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a
3 protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially
4 dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of
5 Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).
6 Options available to the court include, among other things, forbidding the disclosure or discovery,
7 forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain
8 matters. Id.
9    District courts have broad discretion to determine whether a protective order is appropriate
10 and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36
11 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th
12 Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent
13 disclosure of materials for many types of information). The party seeking to limit discovery has the
14 burden of proving "good cause," which requires a showing "that specific prejudice or harm will result"
15 if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424
16 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003));
17 Westmoreland v. Regents of the Univ. of Cal., No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3
18 (E.D. Cal. Feb. 26, 2019).
19    Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part
20 that "[a] party may, by oral questions, depose any person, including a party, without leave of court...."[1]
21 Fed. R. Civ. P. 30(a)(1). Deposition questions may relate to "any nonprivileged matter that is relevant
22 to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A witness is required to answer as to matters
23 within his or her own knowledge. A failure to participate in discovery is in violation of Fed. R. Civ. P.
24 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating
25 the fair examination of the deponent.
26 ///
27 ///
28 ///

Plaintiff states that on February 24, 2022,[1] he received Defendants' notice of deposition via video conference to take place on March 10, 2022. (ECF Nos. 65, 67.) Plaintiff seeks a protective order because of the short notice of the deposition, failure to obtain a court order to depose Plaintiff, and failure to provide a subpoena duces tecum to Plaintiff requesting her to produce a copy of her medical records. (ECF No. 65.) Plaintiff also seeks to stay the deposition noticed for March 10, 2022, in order to receive and review a paper copy of the discovery provided by DVD. (ECF No. 67.)

Pursuant to the Court's September 1, 2021 discovery and scheduling order, Defendants are permitted to depose Plaintiff upon at least fourteen (14) days-notice prior to the deposition date. (ECF No. 54 ¶ 3.) Accordingly, there is no merit to Plaintiff's contention that prior court permission is necessary or that Defendants provided "short notice" for the deposition. In addition, Plaintiff's request for a paper copy of discovery and copy of her medical file, alone, does not relieve her of the obligation to participation in her deposition. Plaintiff fails to set forth what and why access to this information is necessary to participate in his deposition. Thus, the Court finds that Plaintiff's allegation that she cannot participate in a deposition because she does not have access to certain documentation is insufficient to show that she should not be compelled to attend a deposition. See Smith v. Chanelo, No. 1:18-cv-1356 NONE BAM (PC), 2020 WL 1288402 at *5 (E.D. Cal. Ma. 18, 2020) (stating that plaintiff must still attend a properly noticed deposition even if through no fault of his own he does not have his legal papers). Indeed, Plaintiff brought this civil action and Defendants are clearly entitled to take her deposition. Plaintiff is informed that she is required to appear at a properly noticed deposition and respond to questions by Defendants' counsel. In answering questions, Plaintiff is not required to speculate or guess, although she may be asked to give an estimate of matters where estimates are commonly made (e.g., distance, size, weight, etc.). Plaintiff may review documents or other evidence available at the deposition for the purpose of refreshing her memory. If Plaintiff does not have to certain documentation, through no fault of her own, she is informed she must still appear for a properly noticed deposition. Plaintiff is further advised that if she fails to cooperate with discovery,

---

[1] It appears the notice was sent on February 18, 2022. (ECF Nos. 65, 67.)

3

this action may be subject to terminating sanctions due to Plaintiff's failure to obey a court order and failure to cooperate in discovery. See Fed. R. Civ. P. 37(b)(2)(a)(v).  Accordingly, Plaintiff's motion for a protective order to stay the taking of her deposition is DENIED.

IT IS SO ORDERED.

Dated:   **March 4, 2022**

UNITED STATES MAGISTRATE JUDGE