UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>               Plaintiff,<br><br>   v.<br><br>A. KHOO, et al.,<br><br>               Defendants. | Case No.: 1:20-cv-01047-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE, AND DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION AS MOOT<br><br>(ECF Nos. 74, 76) |

      Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On March 16, 2022, Plaintiff filed a motion for summary judgment. (ECF No. 74.)

      On March 24, 2022, Defendants filed a motion to extend the time to file an opposition pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 76.) For the reasons outlined below, Plaintiff's motion for summary judgment be denied, without prejudice, and Defendants' motion to extend the time to file an opposition be denied, as moot.

**I.**

**DISCUSSION**

      Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir.

1

1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518.

The Ninth Circuit has made clear that in cases involving *pro se* prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:

> Under Rule 56(f) [ (the predecessor to current Rule 56(d)) ], the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Harris v. Pate, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. Klingele, 849 F.2d at 412.

Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted and brackets added). Here, pursuant to the Court's scheduling order, the discovery deadline expires on May 1, 2022, and the deadline to file motions for summary judgment expires on July 11, 2022.  (ECF No. 54.)  Defendants submit that they have not yet been able to depose Plaintiff or conduct necessary third party discovery. (ECF No. 76, Declaration of Judith S. Gronna (Gronna Decl.) ¶¶ 11, 15-17.)  In addition, Plaintiff did not comply with Local Rule 260(a) which requires the party moving for summary judgment to provide a "Statement of Undisputed Facts" that cites to the evidentiary basis for each undisputed fact. Federal Rule of Civil Procedure 56(c) similarly mandates that all undisputed facts be based on "materials in the record" such as affidavits or depositions.  Although Plaintiff has attached exhibits and her own declaration to the motion for summary judgment, she has not included a separate statement of undisputed facts as required by Local Rule 260(a).   Accordingly, based on the fact that Plaintiff filed the motion for summary judgment prior to the taking of her deposition and prior to the completion of

necessary discovery, the Court finds it prudent to deny the motion for summary judgment as premature to be renewed, if desired, after the completion of discovery. Consequently, Defendants' motion to extend the time to file opposition should be denied as rendered moot.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment filed on March 16, 2022 (ECF No. 74) be denied, without prejudice; and

2. Defendants' motion to extend the time to file an opposition filed on March 24, 2022 (ECF No. 76) be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 29, 2022**

UNITED STATES MAGISTRATE JUDGE