1

2

3

4

5

6

7

8                                  **UNITED STATES DISTRICT COURT**

9                                  **EASTERN DISTRICT OF CALIFORNIA**

10

11  DANA GRAY,                              )   Case No.: 1:20-cv-01047-DAD-SAB (PC)
                                            )
12                  Plaintiff,              )
                                            )   ORDER DENYING PLAINTIFF'S MOTION
13          v.                              )   TO COMPEL
                                            )
14  A. KHOO, et al.,                        )   (ECF No. 90)
                                            )
15                  Defendants.             )
                                            )
16  _____ )

17          Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's motion to compel, filed April 27, 2022.

20                                              **I.**

21                                  **RELEVANT BACKGROUND**

22          This action is proceeding on Plaintiff's claims against Defendants R. Mitchell and G. Song for

23  denial of plaintiff's revision surgery; against Defendant Mitchell for directing that her Gabapentin be

24  terminated in violation of the Eighth Amendment; against Defendant Mitchell for denial of pain

25  medication in violation of the Eighth Amendment; and medical malpractice against Defendants Mitchell

26  and Song for denial of her revision surgery.

27          On April 26, 2021, Defendants filed an answer to the complaint.

28

                                                 1

1    After an unsuccessful settlement negotiations and conferences, the Court issued the discovery and

2    scheduling order on September 1, 2021.

3    As previously stated, on April 27, 2022, Plaintiff filed the instant motion to compel.  Defendants

4    filed an opposition on May 18, 2022.  Although the time to file a reply has not expired, the Court finds a

5    reply unnecessary and deems Plaintiff's motion submitted for review.  Local Rule 230(l).

**II.**

**LEGAL STANDARD**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

confinement.  As a result, the parties were relieved of some of the requirements which would

otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ.

P. 37(a)(1); Local Rules 240, 251; ECF No. 54.  Further, where otherwise discoverable information

would pose a threat to the safety and security of the prison or infringe upon a protected privacy

interest, a need may arise for the Court to balance interests in determining whether disclosure should

occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy

rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe

Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005)

(discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995)

(recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia

v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012)

(noting inmate's entitlement to inspect discoverable information may be accommodated in ways which

mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012

WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents

containing information which implicated the safety and security of the prison); Orr v. Hernandez, No.

CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for

protective order and for redaction of information asserted to risk jeopardizing safety and security of

inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL

2

6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///

///

///

**III.**

**DISCUSSION**

Plaintiff seeks to compel disclosure of five x-ray images and a free copy of his deposition transcript.  (ECF No. 90.)

Defendants oppose Plaintiff's motion and argue that Plaintiff did not serve them with a timely request for production of documents pursuant to the Court's discovery and scheduling order.

Plaintiff's motion to compel must be denied.  Pursuant to the Court's September 1, 2021, discovery and scheduling order, responses to discovery were due forty-five days from the date of service of the request.  (ECF No. 54 at 1.)  The order further required that all discovery be completed by May 1, 2022, with discovery requests "served sufficiently in advance of the discovery deadline to permit for a response …."  (Id. at 2.)  Therefore, a discovery request that is served less than forty-five days before the close of discovery is untimely.  See, e.g., Vanderbush v. Chokatos, No. 1:13-cv-01422-LJO-EPG, 2018 WL 3031488, at *5-6 (E.D. Cal. June 15, 2018) (construing court's scheduling order, which contained a similar 45-day discovery response deadline, and finding that requests that were served less than 45 days before the discovery deadline were untimely).  Consequently, a responding party that is served with an untimely request is not obligated to respond.  Giraldes v. Oania, No. 2:14-cv-726-JAM-EFB-P, 2016 WL 3448713, at *6 (E.D. Cal. June 23, 2016).

In this case, Plaintiff did not request Defendants provide the actual x-ray images until April 13, 2022.[1]  (Declaration of Judith S. Gronna at ¶ 3, ECF No. 92.)  Further, because the request was served by mail, an additional three days must be added.  See Fed. R. Civ. P. 5.2(d).  Therefore, in order for discovery requests to be deemed timely served under the court's scheduling order, Plaintiff had until March 14, 2022, to serve Defendants with written discovery requests seeking the production of her x-ray images.  Accordingly, because Plaintiff's April 13, 2022 request fell beyond the discovery cut-off date of May 1, 2022, the request for production was untimely.[2]

---

[1] Defendants correctly point out that Plaintiff mad the "direct request" to Defendants' counsel for the x-ray images at issue. (ECF No. 90 at 1.)  That is, Plaintiff did not serve Defendants' counsel with a written request for production of documents propounded against either one of the remaining Defendants in this action.  (Declaration of Judith G. Gronna, Ex. B.)  Therefore, Plaintiff's request was procedurally improper pursuant to Federal Rule of Civil Procedure 34(a).

[2] The Court notes that even if Plaintiff's April 2022 request was deemed "constructively" served on April 11, 2022, as she alleges, it is still clearly untimely.

1
2
3
4
5
6

Moreover, Defendants submit that although Plaintiff previously served several requests for production of documents, Plaintiff did not request they produce copies of her x-ray images pursuant to Federal Rule of Civil Procedure 34.  (Declaration of Judith Gronna ¶ 2 & Ex. A.)  Thus, Plaintiff had ample time to serve discovery prior to the May 1, 2022 deadline, and in fact previously propounded sixty-six request for production of documents pursuant to Rule 34.  Plaintiff has not demonstrated good cause for excusing her untimely discovery request, and the instant motion to compel must be denied.

7

**IV.**

8

**ORDER**

9
10

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 90), filed on April 27, 2022, is DENIED.

11
12

IT IS SO ORDERED.

13

Dated:   __**May 19, 2022**__

UNITED STATES MAGISTRATE JUDGE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5