UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>              Plaintiff,<br><br>    v.<br><br>A. KHOO, et al.,<br><br>              Defendants. | Case No.: 1:20-cv-01047-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REACTIVE PRIOR MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 97) |

  Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's motion to reactivate her motion for summary judgment, filed June 15, 2022.

**I.**

**RELEVANT BACKGROUND**

  This action is proceeding against Defendants G. Song and R. Mitchell for deliberate indifference in violation of the Eighth Amendment.

  Defendants filed an answer to the complaint on April 26, 2021.

  On September 1, 2021, the Court issued the discovery and scheduling order.

  On March 16, 2022, Plaintiff filed a motion for summary judgment. On March 29, 2022, the Court issued Findings and Recommendations recommending that Plaintiff's motion for summary judgment be

denied as procedurally deficient. The Findings and Recommendations were adopted in full on April 25, 2022.

Plaintiff now seeks to reactivate her prior motion for summary judgment to include a separate "Statement of Undisputed Facts." Defendants filed an opposition to Plaintiff's motion on July 5, 2022. Although the time for filing a reply has not yet expired, the Court finds Plaintiff's motion suitable for review without the filing of a reply.

On June 30, 2022, Plaintiff filed a motion which seeks clarification as to the status of her prior motion for summary judgment and requests an extension of thirty days to file a dispositive motion.

## II.

## DISCUSSION

Defendants do not oppose Plaintiff's motions insofar as she seeks to re-file a motion for summary judgment in accordance with the Court's original scheduling order and March 29, 2022, Findings and Recommendation. Defendants do, however, object to the proposed renewed motion for summary judgment on the ground that Plaintiff's statement of undisputed fact is procedurally and substantively deficient. The Court agrees with Defendants.

As stated in the March 29, 2022, Findings and Recommendations:

> Plaintiff did not comply with Local Rule 260(a) which requires the party moving for summary judgment to provide a "Statement of Undisputed Facts" that cites to the evidentiary basis for each undisputed fact. Federal Rule of Civil Procedure 56(c) similarly mandates that all undisputed facts be based on "materials in the record" such as affidavits or depositions. Although Plaintiff has attached exhibits and her own declaration to the motion for summary judgment, she has not included a separate statement of undisputed facts as required by Local Rule 260(a).

(ECF No. 79 at 2.) Plaintiff's renewed "Statement of Undisputed Facts" refers to "seven (7) sets of undisputed fact." (ECF No. 97 at 7-8.) Each subset is devoid of any assertion of fact and simply refers to citations of documents that Plaintiff obtained during discovery from Defendants, i.e., Plaintiff's medical records and health care appeals spanning the course of several years. (Id. at 2-11.) Thus, Plaintiff has not complied with Local Rule 260(a). See Brownlee v. Porter, No. CIV S-06-2680 LKK, 2011 WL 4543679, at *1 (E.D. Cal. Sept. 28, 2011) (finding motion for summary judgment did not satisfy Local Rule 260(a) when pro se plaintiff's lengthy statement of undisputed facts solely consisted of requests for admission propounded against defendant and excerpts of plaintiff's medical

records). Indeed, Defendants cannot adequately respond to Plaintiff's proposed statement of undisputed facts as it currently stands because they would be required to admit or deny evidentiary documents without knowledge of Plaintiff's position. Thus, Defendants would be required to speculate as to the purpose of the evidentiary documents and what is considered material or in dispute. Although Plaintiff's failure to comply with Local Rule 260(a), alone, is not sufficient to deny summary judgment, Plaintiff's statement of undisputed facts must accompany her motion for summary judgment. See Local Rule 260(a). Accordingly, Plaintiff should be provided the opportunity to file a revised and proper statement of undisputed facts and renewed and complete motion for summary judgment.[1]

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to reactivate the prior motion for summary judgment be DENIED, without prejudice, to refiling a new and complete motion for summary judgment with supporting statement of undisputed facts pursuant to Local Rule 260(a).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 6, 2022**__

UNITED STATES MAGISTRATE JUDGE

---

[1] By way of separate order, the Court will grant Plaintiff's motion to extend the time to file a dispositive motion.