1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10

11   DANA GRAY,                              )   Case No.: 1:20-cv-01047-SAB (PC)
                                             )
12               Plaintiff,                  )
                                             )   ORDER DENYING PLAINTIFF'S THIRD
13         v.                                )   MOTION FOR APPOINTMENT OF COUNSEL,
                                             )   WITHOUT PREJUDICE
14   A. KHOO, et al.,                        )
                                             )   (ECF No. 110)
15               Defendants.                 )
                                             )
16   _____)

17         Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19         Currently before the Court is Plaintiff's third motion for appointment of counsel, filed July 26,

20   2022.

21         As Plaintiff is aware, she does not have a constitutional right to appointed counsel in this

22   action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any

23   attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District

24   Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

25   circumstances the court may request the voluntary assistance of counsel pursuant to section

26   1915(e)(1).  Rand, 113 F.3d at 1525.

27         Without a reasonable method of securing and compensating counsel, the Court will seek

28   volunteer counsel only in the most serious and exceptional cases.  In determining whether

                                                 1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff seeks appointment of counsel to assist her in presenting her motion for reconsideration of the denial of the motion for substitution of parties. The Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. At this early stage of the proceedings, the Court cannot determine whether Plaintiff is likely to proceed on the merits of her claim. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims. Plaintiff has presented her motion for reconsideration of the denial of her motion for substitution of parties and the motion is pending review. Plaintiff is advised that in ruling on any matters, the Court will thoroughly review the record of the case and research the relevant legal standards. Accordingly, Plaintiff's third motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **July 27, 2022**

_____
UNITED STATES MAGISTRATE JUDGE