|   |   |
|---|---|
| DANA GRAY, | Case No.: 1:20-cv-01047-SAB (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, GRANTING MOTION TO SUBSTITUTE PARTY DEFENDANT, AND DENYING MOTION TO STAY AS MOOT |
| A. KHOO, et al., | |
| Defendants. | (Doc. Nos. 72, 73, 111, 112.) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction. (ECF No. 108.)

**I.**

**RELEVANT BACKGROUND**

On March 16, 2022, Plaintiff filed a motion to substitute Dr. Flagg for defendant Mitchell in his/her official capacity and objections to the court's March 4, 2022. (ECF Nos. 72, 73.)

On July 26, 2022, Plaintiff filed a motion to stay reconsideration of the Court's March 4, 2022 order and another motion to substitute a party. (ECF Nos. 111, 112.)

On June 21, 2022, the Court ordered Defendants to file a response to Plaintiff's motion to substitute. (ECF No. 98.) Defendants filed a response on July 12, 2022. (ECF No. 106.)

1

## II.

## DISCUSSION

The court construes Plaintiff's objections to the March 4, 2022 order as a motion for reconsideration. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; ... or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted) (emphasis in original).

In his March 16, 2022 objections, Plaintiff argues that Rule 25(d) applies in cases where state officials are being sued in their official capacities, and have the responsibility to prevent "ongoing constitutional violations." (ECF No. 73 at 1.) Plaintiff also points out that she requested injunctive relief in her second amended complaint. (Id.; ECF No. 24 at 22.) Plaintiff further argues that the Court improperly construed her official capacity claims as asserting municipal liability under Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978). (ECF No. 73 at 2.)

In denying Plaintiff's motion for substitution of the Chief Medical Officer, the Court found that Plaintiff could not proceed on her claims against Defendants in their official capacities because Plaintiff had not sufficiently alleged that a custom or policy was the moving force behind the alleged violation. (ECF No. 70.)

The Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar official capacity suit for prospective relief, Wolfson v. Brammer, 616

F.3d 1045, 1065-66 (9th Cir. 2010); nor does it bar suit for damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits...seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060-61 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).  A claim for prospective relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 92 (1989); accord Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Since Plaintiff's claim for medical treatment is prospective, official capacity claims would be allowed.

Federal Rule of Civil Procedure 25(d), allows an officer's successor to be substituted when the original "public officer who is a party in an official capacity ... ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d).  "The officer's successor is automatically substituted as a party."  (Id.)

Liberally construed and based on further review of the operative complaint and Plaintiff's motions, the Court agrees that Plaintiff may proceed against the current Chief Medical Officer, Doctor Ola, in his/her official capacity for any prospective injunctive relief based on the ongoing and continued denial of lumbar fusion revision surgery.  Plaintiff has alleged that she was denied revision surgery despite the medical need and failure to follow the policy as to the appliable criteria.  Drawing all reasonable inferences in favor of Plaintiff, the Court finds that she has pleaded sufficient facts to allow the Court to reasonably infer that official policies or customs played a part in the constitutional violations she alleges.  Accordingly, Plaintiff may substitute the acting Chief Medical Officer, Doctor Ola, as a Defendant, in place of Doctor Mitchell, in his/her official capacity for prospective injunctive

relief only. Fed. R. Civ. P. 25(d). Doctor Mitchell remains a Defendant in his/her personal capacity for monetary damages.

### III.
### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 73) is granted;
2. Plaintiff's motions to substitute current Chief Medical Officer, Doctor Ola (ECF Nos. 72, 112) are granted;
3. Plaintiff's motion to stay the proceedings (ECF No. 111) is denied as moot;
4. The Clerk of Court is directed to add Chief Medical Officer, Doctor Ola, as a Defendant in this action in place of Defendant Mitchell in his/her official capacity only; and
5. The action shall continue to proceed against Defendant Mitchell in his/her personal capacity.

IT IS SO ORDERED.

Dated:   **July 29, 2022**

UNITED STATES MAGISTRATE JUDGE