UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>            Plaintiff,<br><br>     v.<br><br>A. KHOO, et al.,<br><br>            Defendant. | No. 1:20-CV-01047-ADA-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION<br><br>(Doc. No. 117) |

Plaintiff Dana Gray is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on July 29, 2020. (Doc. No. 1.) The following day, the court served new case documents on the Central California Women's Facility, where Plaintiff is housed. (Dock No. 5-4.) One of those documents was a "Consent/Decline of U.S. Magistrate Judge Jurisdiction" form accompanied by an explanation of what consent to magistrate judge jurisdiction entails. (Doc. No. 4-1.) Neither party informed the court whether it would consent or decline to magistrate judge jurisdiction until Plaintiff filed two Notices to the Court of Plaintiff's Consent to Magistrate Judge for Jury Trial on September 24, 2021 and October 29, 2021. (Doc. No. 55, 56.) On June 20, 2022, defendants Song and Mitchell executed a consent form through counsel. (Doc. No. 107.) The district judge, at the time, the Honorable Dale Drozd, subsequently reassigned the case to Magistrate Judge Stanley Boone for all purposes

1

including trial and entry of judgment. (Doc. No. 108.) On August 1, 2022, Plaintiff filed a motion to withdraw consent to magistrate judge jurisdiction for the purposes of all pre-trial dispositive motions. (Doc. No. 117.) The magistrate judge referred this motion to the undersigned pursuant to *Branch v. Umphenour*, 936 F.3d 994 (9th Cir. 2019).

## I.

## Legal Standard

Litigants in federal court are entitled to have their cases determined by Article III district judges. *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984). In certain circumstances, magistrate judges assist district judges in the administration of pre-trial matters. *See* 28 U.S.C. § 636(b)(1). Magistrate judges, however, do not have jurisdiction to make final determinations regarding dispositive motions – for instance, motions to dismiss or motions for summary judgment. *Id.* at § 636(b)(1)(A). District judges may designate magistrate judges to handle dispositive pre-trial motions in the first instance, but the district judge must conduct a *de novo* review of any findings and recommendations the magistrate judge issues. *Id.* at § 636(b)(1). When both parties consent to the jurisdiction of the magistrate judge, however, they forfeit their right to review by the district judge. *See Branch*, 936 F.3d at 1001; 28 U.S.C. § 636(c)(1). The district court can vacate consent to the magistrate judge's jurisdiction under two circumstances: (1) on the court's own motion for good cause shown; or (2) on motion by a party demonstrating extraordinary circumstances. 28 U.S.C. § 636(c)(4).

## III.

## Discussion

**A.     Plaintiff never consented to the magistrate judge's jurisdiction for the purposes of pre-trial dispositive motions.**

In her motion to withdraw consent, plaintiff asserts that she believed she had consented to the magistrate judge's jurisdiction only for trial. After reviewing the docket, the court agrees with plaintiff that she never consented to the magistrate judge for the purposes of pre-trial dispositive motions. The consent form that the court provided to plaintiff at the outset of these proceedings included the following language:

2

> In accordance with the provisions of Title 28, U.S.C. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Plaintiff, however, did not sign this consent form. Instead, plaintiff provided typewritten, personalized notices specifically consenting to the magistrate judge's jurisdiction for the purposes of trial only. (Doc. No. 55, 56.) The undersigned, therefore, believes that this matter was reassigned to the magistrate judge in error. While the magistrate judge has consent to conduct the trial that may occur in this matter, the undersigned is still required to review findings and recommendations on any pre-trial dispositive motions pursuant to 28 U.S.C. § 636(b)(1).

**B.   The undersigned will not disturb the magistrate judge's reconsideration of plaintiff's motion to substitute (Doc. No. 116).**

On March 3, 2022, plaintiff filed a Motion for Clarification requesting the magistrate judge to permit plaintiff to sue defendants Mitchell and Song in their official capacities. (Doc. No. 66.) The magistrate judge denied this motion. (Doc. No. 70.) On March 16, 2022, plaintiff filed objections to the magistrate's ruling. (Doc. No. 73.) The magistrate judge construed these objections as a motion for reconsideration and granted plaintiff's request. (Doc. No. 116.) This order granting plaintiff's motion was filed seven days after Judge Drozd reassigned the matter to the magistrate judge for all purposes, and three days before plaintiff filed the motion to withdraw consent. Plaintiff's motion discusses the magistrate judge's initial denial (Doc. No. 70) as a basis for withdrawing consent. Given the timing of plaintiff's motion to withdraw consent, however, it seems likely that plaintiff was not aware of the magistrate judge's ruling on the motion for reconsideration, which granted plaintiff's initial request. At this time, therefore, the undersigned will not disturb the magistrate judge's order granting plaintiff's motion for reconsideration.

///
///
///
///
///

**III.**

**Conclusion**

The order reassigning this matter for all purposes to the magistrate judge (Doc. No. 108) is vacated in part. The magistrate judge will retain jurisdiction over trial and entry of judgment in this matter. The undersigned, however, retains jurisdiction to review, *de novo*, the magistrate judge's findings and recommendations on any pre-trial dispositive motions pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated:   September 23, 2022

UNITED STATES DISTRICT JUDGE