# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY, | Case No. 1:20-cv-01047-ADA-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | |
| A. KHOO, et al., | (ECF No. 135) |
| Defendants. | |

Plaintiff Dana Gray is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth motion for appointment of counsel, filed November 10, 2022.

As Plaintiff is aware, she does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff seeks appointment of counsel to assist her in presenting her motion for reconsideration of the denial of the motion for substitution of parties. The Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Plaintiff seeks counsel, in part, "to coordinate the implementation of prospective relief and transfer of funds to plaintiff from the monetary judgment." (ECF No. 135.) Both parties have filed motions for summary judgment and contrary to Plaintiff's contention, there has been no ruling that she has prevailed as matter of law. Thus, at this juncture, the Court cannot determine whether Plaintiff is likely to proceed on the merits of her claim. Accordingly, Plaintiff's fourth motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **November 14, 2022**

UNITED STATES MAGISTRATE JUDGE