# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY, | Case No. 1:20-cv-01047-ADA-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR BENCH TRIAL |
| v. | (ECF No. 153) |
| A. KHOO, et al., | |
| Defendants. | |

Plaintiff Dana Gray is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a bench trial, filed February 27, 2023. (ECF No. 153.) Defendants filed an opposition on March 7, 2023. (ECF No. 155.) Although the time for a reply has not expired, the Court deems Plaintiff's motion to compel submitted. Local Rule 230(l).

## I.

## RELEVANT PROCEDURAL BACKGROUND

On July 26, 2022, Plaintiff filed a motion for summary judgment. (ECF No. 113.) On October 11, 2022, Defendants filed an opposition to Plaintiff's motion, as well as their own cross-motion for summary judgment. (ECF Nos. 125, 126.) Both motions for summary judgment are pending review.

## II.

## DISCUSSION

The Seventh Amendment guarantees the right to a trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Am. VII. Like

other constitutional rights, the right to a jury trial in civil suits can be waived. United States v. Moore, 340 U.S. 616, 621 (1951); Kulas v. Flores, 255 F.3d 780, 784 (9th Cir.2001). "Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution," however, "courts should indulge every reasonable presumption against waiver." Pradier v. Elespuru, 641 F.2d 808, 811 (9th Cir.1981); see also Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937).

Federal Rule of Civil Procedure 38(b) requires a party wishing to assert the right of trial by jury to "demand a jury trial by: (1) serving upon the other parties with a written deman— which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand as required by Rule 5(d)."  A party's failure to serve and file the demand in the manner specified in Rule 38(b) constitutes a waiver of the right to a trial by jury. Fed. R. Civ. P. 38(d). Once a demand for jury trial has been properly made, however, it "may be withdrawn only if the parties consent." Id.

Federal Rule of Civil Procedure 39 specifically states, in pertinent part:

> When a jury trial has been demanded … the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a).

In her motion, Plaintiff requests that if the Court finds issues of material fact in the parties' pending cross-motions for summary judgment, trial proceed not before a jury but rather before "only the judge."  (ECF No. 153, at p. 2.)  In support of her request, Plaintiff cites to U.S. v. Fred A. Arnold, Inc., 573 F.2d 605 (9th Cir. 1978), and argues that Defendants' cross-motion for summary judgment effectively amounts to a stipulation to a bench trial on the written record. (ECF No. 153, at p. 2.)  Plaintiff is incorrect as the holding in Fred A. Arnold, Inc., does not support her argument.  The defendant in Fred A. Arnold, Inc. demanded a trial by jury and did

not stipulate to a bench trial. 573 F.3d at 606-07. On the day the jury trial was scheduled to begin, and after the jury was empaneled, the United States filed a motion for summary judgment and presented oral argument to the court. Id. at 606. The defendant responded with a cross-motion for summary judgment, and the court vacated the jury trial once it granted the government's dispositive motion. Id. Defendant appealed the grant of summary judgment, and the Ninth Circuit held that defendant had not waived the right to a jury trial by filing a cross-motion for summary judgment and remanded the action. Id. at 606-07.

Here, in their answer to the operative second amended complaint, Defendants unequivocally demanded a trial by jury. (ECF No. 37 at pp. 1, 9.) Accordingly, Plaintiff's case may only proceed as a bench trial if (1) the parties agree, on the record, to a nonjury trial, or (2) the Court finds that on some or all of the issues presented, there is no federal right to a jury trial. Neither of those exceptions apply here. Defendants have demanded a trial by jury, and Plaintiff's case—brought pursuant to 42 U.S.C. § 1983—is not one of those classes of cases where there is no federal right to a jury trial. The case will proceed as a jury trial unless Plaintiff and Defendants stipulate to a bench trial, and Plaintiff's motion is therefore denied.

IT IS SO ORDERED.

Dated: **March 8, 2023**

UNITED STATES MAGISTRATE JUDGE