UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. KHOO, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-01047-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 159 |

Plaintiff Dana Gray is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 11, 2022, plaintiff moved for summary judgment, Doc. 105, and on October 11, 2022, defendants opposed plaintiff's motion and filed a motion for summary judgment as to plaintiff's claims, Docs. 125, 126. On June 23, 2023, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for summary judgment be denied and defendants' motion for summary judgment be granted. Doc. 159.[1] Specifically, the magistrate judge found that plaintiff had failed to establish a genuine issue of material fact and

---

[1] On November 10, 2022, plaintiff filed miscellaneous motions regarding her prior motion for summary judgment and defendants' motion for summary judgment. Docs. 136–140. In addition to addressing the parties' motions for summary judgment, the June 23, 2023 findings and recommendations also considered and recommended denying plaintiff's miscellaneous motions.

1  that as a matter of law plaintiff had failed to establish that defendants were deliberately indifferent
2  to her serious medical needs or that defendants were medically negligent in their decisions
3  regarding plaintiff's medical care. *See generally id.* The parties were afforded twenty-one (21)
4  days within which to file any objections. *Id.* at 38. On July 18, 2023, plaintiff filed objections,
5  Doc. 162, and on July 27, 2023, defendants replied. Doc. 164.[2]

6      Plaintiff argues that the SMART committee's decision to deny her surgery was made on
7  October 3, 2019, rather than October 1, 2019, as contended by defendants. Doc. 162 at 2.
8  Plaintiff also argues that the subsequent approval of her surgery in 2023 demonstrates that
9  defendants were deliberately indifferent in their denial of her surgery in 2019. *Id.* at 4–5.
10  Plaintiff's objections are unpersuasive.

11      Plaintiff argues that this minor discrepancy as to the date the SMART committee
12  convened and denied plaintiff's surgery creates a dispute of fact sufficient to defeat defendants'
13  motion for summary judgment. *Id.* at 2. To the contrary, facts in dispute must be material to
14  defeat summary judgment. Fed. R. Civ. P. 56(c). A fact is material if it "might affect the
15  outcome of the suit. . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is the
16  reasonableness of the SMART committee's determination that is material, rather than the precise
17  date the committee convened. And the uncontradicted evidence shows that the SMART
18  committee reasonably concluded that plaintiff faced substantial risks in undergoing the fusion
19  revision surgery, and that those risks outweighed the potential benefits. *See* Doc. 159 at 33. As
20  to plaintiff's subsequent approval for surgery in 2023, a later determination by another doctor,
21  based on plaintiff's condition at the latter time, does not establish a conflict with a prior medical
22  evaluation that was based on plaintiff's condition at the earlier time. And even if plaintiff had
23  shown a difference in medical opinion existed as to plaintiff's condition at the relevant time, a
24  mere difference in medical opinion does not establish that the prior medical provider was
25  deliberately indifferent to the plaintiff's serious medical needs. *See Sanchez v. Vild*, 891 F.2d
26  240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to

---

[2] In August 2023, plaintiff filed several sur-replies and moved the Court to consider them. *See* Docs. 165–167. The Court has also considered plaintiff's sur-replies and attached exhibits.

[plaintiff's] serious medical needs.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections, defendants' reply, and plaintiff's sur-replies, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on June 23, 2023, Doc. 159, are ADOPTED in full;
2. Plaintiff's miscellaneous motions filed on November 10, 2022, Docs. 136, 137, 138, 139, 140, are DENIED;
3. Plaintiff's motion for summary judgment, Doc. 105, is DENIED;
4. Defendants' motion for summary judgment, Doc. 125, is GRANTED; and
5. The Clerk of Court shall enter judgment in favor of Defendants, terminate all pending motions, and CLOSE this case.

IT IS SO ORDERED.

Dated:  September 29, 2025

UNITED STATES DISTRICT JUDGE

3